Filed 9/27/23  P. v. Smith CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>TROY DEVIN SMITH,<br><br>         Defendant and Appellant. | A166421<br><br>(San Francisco City & County Super. Ct. No. SCN198701) |

Defendant is serving a 26-year prison sentence.  In 2022, San Francisco's then-District Attorney, Chesa Boudin, moved to resentence defendant under former Penal Code[1] section 1170.03, now section 1172.1[2].  That statute authorizes a trial court to recall and resentence a defendant convicted of a felony "at any time upon the recommendation of . . . the district attorney of the

_____

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] This statute was originally enacted as former section 1170, subdivision (d).  Effective January 1, 2022, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d) to new section 1170.03.  (Stats. 2021, ch. 719, § 3.)  Section 1170.03 was later recodified without substantive change as section 1172.1.  (Stats. 2022, ch. 58, § 9.)

county in which the defendant was sentenced." (§ 1172.1, subd. (a)(1).)

In July 2022, the newly-appointed San Francisco District Attorney, Brooke Jenkins, moved to withdraw the resentencing request, citing the change of administration. After additional briefing, the trial court granted the motion solely because the matter had not been submitted to the court for final decision before the district attorney moved for withdrawal. Defendant contends that the court should have denied the motion to withdraw and decided whether to recall and resentence him on the merits.

In *People v. Vaesau* (2023) 94 Cal.App.5th 132, 139 (*Vaesau*), Division One of this court recently held "that a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing a resentencing recommendation and moves to withdraw such recommendation before the court rules on the merits." We agree with *Vaesau*. Because the trial court ruled on the motion to withdraw without the benefit of guidance from *Vaesau* or this opinion, it did not appreciate the scope of its discretion. We accordingly vacate the order and remand for reconsideration.

## BACKGROUND

In 2006, a jury convicted defendant of four counts of second degree robbery (§ 212.5, subd. (c)), four counts of false imprisonment (§ 236), two counts of second degree burglary (§ 459), and one count of conspiracy to commit robbery (§ 182,

2

subd. (a)(1)).  (*People v. Smith* (2009) 177 Cal.App.4th 1478, 1487.)  The jury found true allegations that the robberies involved losses exceeding $2,500,000 (former § 12022.6, subd. (a)(4)), and that a principal to the crimes (other than conspiracy) was armed with a firearm (§ 12022.1, subd. (a)(1)).  (*People v. Smith*, at p. 1487.)  The court found true allegations that defendant suffered prior serious felony convictions, including three prior "strike" convictions (§ 667, subds. (a), (d), (e); § 1170.12, subds. (b) & (c)), and served a prior prison term (§ 667.5, subd. (b)).  (*People v. Smith*, at p. 1487.)  Defendant was sentenced to an aggregate term of 26 years in state prison.  (*Ibid.*)

In April 2022, then-District Attorney for the City and County of San Francisco, Chesa Boudin, filed a two-page motion to recall defendant's sentence and resentence him.  The court appointed counsel for defendant and set a hearing for June 13, 2022.

On June 13, 2022, the People filed another motion for resentencing, arguing that defendant should be resentenced because he had demonstrated positive post-conviction conduct, he had a low risk of recidivism with the lowest possible California Status Risk Assessment Score of 1, and he was no longer a public safety risk.  The People requested that the court modify defendant's sentence to time served with parole supervision.  The court heard argument and continued the matter to August 1, 2022, so that the parties could provide further information

3

regarding defendant's prior criminal record and possible victim restitution.

On July 27, 2022, defendant filed a brief requesting resentencing to time served without parole supervision. On July 29, 2022, the People, now represented by District Attorney Brooke Jenkins, moved to withdraw the resentencing motion. The People argued that, because a resentencing motion is a unilateral exercise of personal discretion by a county's chief prosecutor, the district attorney should be able to withdraw the motion at her discretion.

At the August 1, 2022, hearing, defendant opposed the motion to withdraw, and the trial court continued the hearing so that it could research matters related to defendant's argument in opposition and so that the parties could provide further clarification on defendant's criminal record and possible restitution.

On August 24, 2022, the district attorney filed a supplemental motion to withdraw the recommendation for resentencing. The district attorney briefly argued that defendant's 26-year sentence continued to serve the interests of justice. The district attorney relied on defendant's commission of two violent crimes at the ages of 26 and 40, and the fact that defendant had spent most of his life in prison. Defendant filed a written opposition, arguing that, once the People filed a motion for recall and resentencing, jurisdiction was vested with the trial court, and defendant acquired due process rights as to the recall

4

and resentencing. He also asserted that the People were estopped from seeking withdrawal of their resentencing request.

At the hearing on August 26, 2022, the district attorney explained that "the 26-year sentence serves the interest of justice for this defendant." The district attorney stated that defendant's age at the time of his crime was part of the consideration, and that there appeared to have been an "incomplete vetting of the case." The district attorney argued that "the court has not ruled on this case, and so we are asking that the Court[ ] allow the People to withdraw the petition." Defense counsel opposed, arguing that the court had jurisdiction to resentence him, the district attorney had not cited a single case that would allow it to withdraw a request for resentencing, and a change in administration was not a sufficient basis for withdrawal.

The court ruled that, because the case had never been submitted to it for final determination, the People could withdraw their request for resentencing. "What matters to the Court is, was this matter submitted to the Court for final determination, unequivocally submitted, no further argument, no further evidence to be produced by either side for the Court[ ] to make its determination as to whether to grant relief. [¶] . . . [¶] If I found the case was submitted for the final determination, I would not allow the People to withdraw their petition, because would I argue that I think it could be argued that there's then no reliance at that point, and it would be a detrimental reliance for the petitioner to have to then kind of reargue or refight the case, when it already had been submitted to the court. [¶] So this case

5

was not submitted to the Court, so I am going to allow the People to withdraw their motion for resentencing, which was made pursuant to 1170.03, which now of course is 1172.1."

## DISCUSSION

### I. Section 1172.1

"When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the [trial] court may . . . at any time upon the recommendation of . . . the district attorney of the county in which the defendant was sentenced . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) This statute provides " 'an exception to the common law rule that the [trial] court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082; *Vaesau, supra,* 94 Cal.App.5th at p. 142.)

Under section 1172.1, the trial court must "state on the record the reasons for its decision to grant or deny recall and resentencing[,]" and the statute provides that "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(6), (8).) However, "Resentencing

6

may be granted without a hearing upon stipulation by the parties." (*Id.* at subd. (a)(7).) In addition, where the resentencing request comes from the district attorney, the following provisions apply: "(1) The court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request. The court's order setting the conference shall also appoint counsel to represent the defendant. [¶] (2) There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(1), (2).)

## II.   Vaesau

In *Vaesau*, our colleagues addressed whether a district attorney could withdraw a resentencing recommendation under section 1172.1 in very similar circumstances. In *Vaesau*, newly-appointed San Francisco District Attorney Brooke Jenkins moved to withdraw a request for resentencing made while Chesa Boudin was the San Francisco District Attorney, without explaining the basis for the request. (*Vaesau*, *supra*, 94 Cal.App.5th at pp. 139–40.) The trial court ruled that the district attorney had discretion to withdraw the recommendation. (*Id.* at pp. 140–141.) The defendant argued on appeal that the district attorney lacked authority to rescind the resentencing request and the trial court violated section 1172.1 and his due process rights by failing to reach the merits. (*Id.* at p. 145.) The Attorney General countered that the district attorney had the inherent power to

7

rescind the request, at which point the trial court was required to terminate the section 1172.1 proceeding. (*Ibid.*) *Vaesau* found that "[t]he correct answer lies between these two extremes." (*Ibid.*)

The court first determined that a district attorney does not possess inherent power to unilaterally terminate section 1172.1 proceedings by withdrawing a resentencing request before a ruling on the merits. (*Vaesau*, *supra*, 94 Cal.App.5th at pp. 145–146.) Relying on *In re Fain* (1976) 65 Cal.App.3d 376, 389, which held that the Adult Authority had the power to rescind a grant of parole before a prisoner's release, the Attorney General in *Vaesau* argued that "[t]he power to take an action includes the inherent power to reconsider that action," meaning the district attorney's power to request resentencing includes the absolute power to rescind the request. (*Vaesau*, at p. 147.) The court found that *Fain* was inapposite, in part because *Fain* addressed " ' "purely administrative" ' "actions, which sentencing is not. (*Vaesau*, at p. 147.) Further, the court observed that a resentencing recommendation under section 1172.1, once made, "functions to renew the trial court's sentencing jurisdiction, and permitting the executive branch to unilaterally terminate section 1172.1 proceedings would 'intrude' into that jurisdiction, raising separation-of-powers concerns." (*Ibid.*)

The court nonetheless found that trial courts are not required to determine the merits of all sentencing recommendations. (*Vaesau*, *supra*, 94 Cal.App.5th at p. 148.) Instead, trial courts retain discretion to grant a request to

8

withdraw a resentencing recommendation made for a legitimate reason. (*Id.* at pp. 151–153.) The court observed that section 1172.1 does not spell out procedures for valid termination of a proceeding thereunder without prejudice, but courts have inherent power to fill gaps in statutory procedure if such power is not used unconstitutionally or in a manner that contravenes legislative intent. (*Vaesau*, at pp. 150–151.) The court reasoned that section 1172.1's presumption in favor of resentencing upon recommendation (§ 1172.1, subd. (b)(2)) reflects legislative intent that courts respect the scrutiny given to referrals, and allowing courts to entertain requests for withdrawal comports with the legislative intent to give weight to an agency's most up-to-date assessment. (*Vaesau*, at p. 149.) Furthermore, the court reasoned that prohibiting consideration of requests to withdraw recommendations could discourage the making of the recommendations in the first place, which would thwart section 1172.1's overall purpose of reducing incarceration levels. (*Vaesau*, at pp. 149–150.)

Finally, *Vaesau* determined that a trial court's discretionary decision on a request to withdraw a resentencing recommendation had to be "guided by section 1172.1's objectives and the defendant's due process rights." (*Vaesau, supra,* 94 Cal.App.5th at p. 151.) The court recognized that there "could be a range of valid reasons to withdraw a request, such as 'administrative mistake or improvidence,' a change in the law, or a 'change in the prisoner's circumstances' making the prisoner 'less deserving of resentencing.'" (*Id.* at p. 152.) But the intent

9

behind the presumption in favor of resentencing (§ 1172.1, subd. (b)(2)) would be thwarted if a trial court did not consider the basis for a withdrawal request and allowed withdrawal without justification. (*Ibid*.) Considering the liberty interest at stake, "[d[ue process concerns also support requiring a district attorney to offer a valid reason for deciding to withdraw a resentencing request." (*Ibid*.) "Allowing a district attorney to withdraw a resentencing request without explanation, especially under the political circumstances here, raises the specter of arbitrary action and does not carry the appearance of fairness." (*Ibid*.) Because the district attorney did not offer a reason for the withdrawal request, *Vaesau* remanded the matter for the trial court to reconsider whether to allow the district attorney to withdraw the resentencing request. (*Id*. at pp. 151–153.)

*Analysis*

In his initial briefing, defendant argued that (1) section 1172.1, subdivision (a)(7) required the court to resentence him because the parties agreed that resentencing was proper, and (2) jurisdiction vested in the trial court upon the filing of the request for resentencing, giving defendant due process rights to recall and resentencing and prohibiting the court from permitting the withdrawal of the resentencing request. In supplemental briefing[3], defendant argues that this court should follow *Vaesau* and remand the matter because the trial court did not appreciate the scope of its discretion in deciding the motion to withdraw.

---

[3] This court allowed the parties to file supplemental briefing after *Vaesau* was published.

10

Respondent points out that there was no stipulation under section 1172.1, subdivision (a)(7) and the court was not required to resentence defendant, but respondent agrees that the matter should be remanded under *Vaesau*'s rationale. For the reasons set forth below, we vacate the court's order and remand for reconsideration.

As an initial matter, we reject defendant's contention that the court was required to recall his sentence and resentence him under section 1172.1, subdivision (a)(7). There was no stipulation for resentencing here, and even if there were, section 1172.1 does not mandate that a trial court recall and resentence a defendant where the parties stipulate to resentencing. (§ 1172.1, subd. (a)(7) [resentencing *may* be granted without a hearing upon stipulation].)

We believe, however, that *Vaesau* accurately determined that a trial court has discretion to grant a motion to withdraw a resentencing recommendation under section 1172.1. Per the statute's plain language, upon receiving a resentencing recommendation, a trial court has jurisdiction to resentence a defendant. (*Vaesau*, *supra*, 94 Cal.App.5th at pp. 144–145; § 1171.2, subd. (a).) Section 1172.1 does not expressly address whether a resentencing recommendation may be withdrawn, but we agree with *Vaesau* that a withdrawal request does not terminate the court's jurisdiction over the proceeding. (*Vaesau*, at pp. 145–147.) On the other hand, neither the statutory language nor intent supports construing section 1172.1 to prohibit a court from considering a motion to withdraw a

11

resentencing request brought for a legitimate reason. (*Vaesau*, at pp. 149–150.) And we share *Vaesau*'s concerns that section 1172.1's objectives would be impaired and due process concerns would be raised by allowing a district attorney " 'to withdraw its recommendation on a whim, or due to a change in the political winds.' " (*Vaesau*, at p. 152.) Thus, we join *Vaesau* in holding that "a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing the resentencing request and moves to withdraw before the court rules on the merits." (*Vaesau*, at p. 139.)

We agree with the parties that remand for reconsideration is the proper remedy here. The district attorney's initial justification for its motion to withdraw—a change in political winds—standing alone is insufficient. (*Vaesau*, *supra*, 94 Cal.App.5th at p. 152.) Although the district attorney filed a supplemental motion, that motion provides scant explanation of the district attorney's change of position. In any event, it is clear that the trial court did not consider why the district attorney sought to withdraw its resentencing request, instead allowing withdrawal solely because the matter had not been submitted for final determination. Without the benefit of *Vaesau* or this opinion, the trial court was understandably unaware of the bounds of its discretion. Remand is therefore appropriate so that the court can exercise its discretion to decide whether the district attorney seeks to withdraw its resentencing request for a

legitimate reason and whether the district attorney should be able to withdraw the request in this case.[4]

## DISPOSITION

The order granting the district attorney's motion to withdraw its resentencing request is vacated. The matter is remanded for the trial court to reconsider whether to permit the district attorney to withdraw the motion to resentence defendant.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
HIRAMOTO, J.[*]

*People v. Smith*  (A166421)

---

[4] Defendant's "motion to provide exhibits to this court," filed on August 1, 2023, is denied as unnecessary to our disposition.

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.